CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED Roanoke
APR 15 2011
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| KIMBERLY DAWN NESTER, | ) | CASE NO. 7:10CV00332 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner, and his successors, | ) | |
| Social Security Administration, | ) | |
| | ) | By: B. Waugh Crigler |
| Defendant. | ) | U. S. Magistrate Judge |

This challenge to a final decision of the Commissioner which denied plaintiff's February 26, 2008 protectively-filed application for a period of disability and disability insurance benefits under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416 and 423 is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter GRANTING the plaintiff's motion for summary judgment but REMANDING the case to the Commissioner for further proceedings.

In a decision issued on August 3, 2009, an Administrative Law Judge ("Law Judge") found that plaintiff remained insured through December 31, 2004.[1] (R. 12.) The Law Judge

---

[1] In order to qualify for disability insurance benefits, plaintiff must establish that she became disabled prior to the expiration of her insured status, December 31, 2004. *See* 20 C.F.R. § 404.131(a).

further found that plaintiff had not engaged in substantial gainful activity during the period of time between her alleged disability onset date, December 31, 2004, and her date last insured, also December 31, 2004. (*Id.*) The Law Judge determined that through her date last insured, plaintiff suffered the following severe impairments: migraines, obesity, and possible fibromyalgia. (R. 13.) The Law Judge further determined that plaintiff did not have an impairment or combination of impairments which met or equaled a listed impairment. (R. 16.) The Law Judge was of the belief that plaintiff retained the residual functional capacity ("RFC") to perform medium work, except that she could not tolerate working around hazardous machinery or at unprotected heights, climbing ladders/ropes/scaffolds, or being on vibrating surfaces, and that she must avoid excessive background noise. (*Id.*) The Law Judge found that this RFC precluded plaintiff from performing her past relevant work, but that other jobs exist in substantial numbers in the national economy that she could perform. (R. 19-20.) Ultimately, the Law Judge found plaintiff was not disabled during the relevant time period. (R. 20.)

Plaintiff appealed the Law Judge's August 3, 2009 decision to the Appeals Council. (R. 1-3.) The Appeals Council found no basis in the record or in the reasons advanced on appeal to review the decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 1.) This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary

2

support. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In a brief filed in support of her motion for summary judgment, plaintiff initially argues that the Law Judge erred by failing to give proper consideration to the opinions offered by two of her treating physicians. (Pl's Brief, pp. 3-9.) Specifically, she contends that the Law Judge erred in discounting opinions that she was disabled which were offered by Linda S. Cheek, M.D. and Cyrus E. Bakhit, M.D.

Under the regulations and applicable circuit decisional authority, a Law Judge and the Commissioner must consider the following in evaluating and weighing medical opinions: "'(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist.'" *Hines v. Barnhart*, 453 F.3d 559, 563 (4th Cir. 2006) (quoting *Johnson v Barnhart*, 434 F.3d 650, 654 (4th Cir. 2005)).

It is a well-established general principle that the evidence of a treating doctor should be accorded greater weight. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992). Yet, when that physician's opinion is not supported by the objective medical evidence or is inconsistent with other substantial evidence, it may be given "significantly less weight." *Craig*, 76 F.3d at 590. Moreover, where the evidence is such that reasonable minds could differ as to whether the claimant is disabled, the decision falls to the Law Judge, and ultimately to the Commissioner, to resolve the inconsistencies in the evidence. *Johnson*, 434 F.3d at 653; *Craig*, 76 F.3d at 589.

3

Dr. Cheek completed a functional evaluation of plaintiff on July 1, 2009. (R. 567-568.) She believed plaintiff's pain or other symptoms were severe enough to constantly interfere with her attention and concentration, and that her impairments were likely to cause her to experience "good days" and "bad days." (R. 567.) Dr. Cheek further determined that plaintiff was likely to be absent from work as a result of her impairments or treatment more than four times a month. (*Id.*) Most importantly, Dr. Cheek concluded that these limitations related back to at least December 31, 2004. (R. 568.) The Law Judge found that Dr. Cheek's retrospective opinion categorically was entitled to "no weight." (R. 19.) This finding is not supported by substantial evidence.

In the Commissioner's brief and during oral argument, the Commissioner's counsel argued that Dr. Cheek was properly accorded "no weight" because Dr. Cheek did not personally treat plaintiff prior to the expiration of her insured status, and that she merely oversaw plaintiff's treatment by a nurse practitioner in her office. In addition the Commissioner believes the decision to give Dr. Cheek's opinion "no weight" is supported by records from Robert C. Keeley, M.D. It is true that Dr. Cheek did not personally treat the plaintiff prior to her date last insured. However, plaintiff received extensive treatment by a nurse practitioner in Dr. Cheek's office prior to the expiration of her insured status. It is the undersigned's view that the Law Judge erred in failing to properly apply the decisional authority in this Circuit compelling consideration be given to medical evidence provided by staff members of a clinic or office practice which treated the plaintiff. *See Wooldridge v. Bowen*, 816 F.2d 157, 160 (4th Cir. 1987) (providing that a medical opinion based largely on a claimant's medical history was properly

4

considered where the physician that provided the opinion was a member of the staff of the clinic where the claimant was treated).

The Law Judge's decision to discount Dr. Cheek's opinion on the basis that it was inconsistent with that offered by Dr. Keeley likewise was erroneous. Dr. Cheek assessed the effects of plaintiff's fibromyalgia, chronic migraine headaches, depression and sarcoidosis, which she treated. (R. 567.) On the other hand, Dr. Keeley, a pulmonologist, treated plaintiff's sarcoidosis, not her fibromyalgia, headaches and depression.

Dr. Cheek's retrospective opinion that plaintiff was disabled on December 31, 2004 is not a bare opinion, void of record support. For example, Dr. Bakhit, one of plaintiff's treating sources, completed an assessment on July 21, 2008. (R. 200-201.) At that time, the physician found that plaintiff could sit or stand/walk for less than two hours in an eight-hour workday. (R. 200.) Dr. Bakhit further found that plaintiff could lift and carry less than ten pounds occasionally and never lift ten pounds or more. (*Id.*) The physician believed her pain or other symptoms are severe enough to frequently interfere with plaintiff's attention and concentration. (*Id.*) The physician opined that plaintiff's impairments are likely to cause her to experience "good days" and "bad days," and that she is likely to absent from work as a result of her impairments or treatment more than four times a month. (R. 201.) Ultimately, Dr. Bakhit concluded that these limitations related back to at least December 31, 2004. (*Id.*)

In the end, the undersigned finds that the Commissioner's final decision adopting Law Judge's determination to give "no weight" to Dr. Cheek's retrospective assessment is not consistent with controlling decisional authority and is not supported by substantial evidence. Thus, it is RECOMMENDED that an Order enter GRANTING the plaintiff's motion for

summary judgment but REMANDING the case to the Commissioner for further proceedings in which plaintiff's evidence can be assessed under applicable law.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to transmit a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

4/15/2011
Date